25-MC-3207
Judge Margo K. Brodie

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 13 2025 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ISKYO ARONOV, MICHAEL KONSTANTINOVISKIY, TOMER DAFNA, AVRAHAM TARSHISH, and MICHAEL HERSKOWITZ

Defendants.

19-CR-408

**PETITION OF 318A HART LLC SEEKING AN ANCILLARY HEARING AND RELATED RELIEF PURSUANT TO 21 U.S.C. SECTION 853(n)**

Pursuant to 21 U.S.C. 853(n), non-parties **318A Hart LLC** and **2023 Westchester Associates LLC** ("2023 Westchester") (collectively, the "Petitioners"), hereby petition this Court for an ancillary hearing to determine their interest in the forfeited property known as **318A Hart Street, Brooklyn, New York, Block 01594, Lot 26** (collectively, the "Property").

1. Petitioners hereby assert an interest in the Property which has been identified for forfeiture in this case through a Preliminary Order of Forfeiture, filed on February 10, 2023, under ECF No. 277 (the "Preliminary Order"). The Petitioners claim rights and interests in the Property forfeited to the United States Government and request a hearing to adjudicate the Petitioners' interests in the Property as the sole *bona fide* owner(s) thereof.

## STATEMENT OF FACTS

2. The Petitioners' interest in the Property stems from the fact that on November 21, 2014, they acquired 100% of the membership interests in 318A Hart LLC for $910,000.00, making them the sole owners of the Property.

3. The following exhibits are annexed hereto:

- **EXHIBIT A**: A copy of the Preliminary Order of Forfeiture, filed on February 10, 2023;
- **EXHIBIT B.** A copy of the recorded deed confirming 318A Hart LLC's ownership of the Property;
- **EXHIBIT C.** A copy of the Assignment Agreement dated November 21, 2024;
- **EXHIBIT D.** A copy of the Operating Agreement of 2023 Westchester;
- **EXHIBIT E.** A copy of the Bill of Sale confirming Defendant Tarshish's sale of his 100% membership interest in 318A Hart LLC to 2023 Westchester;
- **EXHIBIT F.** Copies of the checks paid by 2023 Westchester to Defendant Michael Hershkowitz, as attorney;
- **EXHIBIT G.** A copy of the Articles of Organization of 318A Hart LLC;
- **EXHIBIT H.** A copy of the Operating Agreement of 318A Hart LLC dated Octboer 27, 2014;
- **EXHIBIT I.** A copy of the revised Operating Agreement of 318A Hart LLC dated as November 21, 2014;
- **EXHIBIT J.** A copy of the Notice of Forfeiture to Potential Third-Party Claimants, dated July 10, 2025;
- **EXHIBIT K.** A copy of the Memorandum of Contract, together with a copy of a contract for the sale of the Property, dated August 28, 2013;
- **EXHIBIT L.** A copy of the Termination of Contract of Sale dated November 5, 2014;
- **EXHIBIT M.** A copy of Michael Herskowitz Forfeiture Order (money judgment in the sum of $125,000);
- **EXHIBIT N.** A copy of Konstantinoviskiy Forfeiture Order (money judgment in the sum of $1,100,000);
- **EXHIBIT O.** A copy of the Government Letter submitted to the Court, dated June 17, 2025;
- **EXHIBIT P.** Copies of tax liens and water liens that were placed on the Property;
- **EXHIBIT Q.** Copies of the plans (and permits) for the gut rehab of the Property; and
- **EXHIBIT R.** Copies of the photographs of the completed gut renovation.

4. As established by the foregoing documents: (a) as of November 21, 2014, none of the Defendants named in this proceeding had any membership interest in the entity that owed the property nor owned the Property; (b) none of the Defendants named in this proceeding had any interest, direct or indirect, in the Property; and (c) that 2023 was the *bona fide* purchaser of 100% of the membership interests of 318A Hart LLC, thereby becoming, effectively, the *bona fide* purchaser of the Property.

**ARGUMENT**

5. This Petition is filed pursuant to 21 U.S.C. 853(n)(2) concerning third-party claims in a criminal forfeiture proceeding, which states, in relevant part:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. Pursuant to the criminal forfeiture statute, the Petitioners may petition for a hearing to adjudicate their interest in the Property subject to forfeiture. *See* 21 U.S.C. §853(n)(2). At the ancillary hearing, the Petitioner also has the right to present evidence. *See Id.* §853(n)(5). See also *Pacheco v. Srendensky*, 393 F.3d 348, 351 (2d Cir. 2004). Furthermore, Rule 32.2(c)(l) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") states that when a Petitioner claims an interest in property designated for forfeiture, the court must hold an ancillary proceeding.

**The Notice Does Not Refer to the Property**

6. At the outset, it is respectfully brought to the Court's attention that the Notice of Forfeiture to Potential Third-Party Claimants (the "Notice"), dated July 10, 2025, which was served on the Petitioners. *See*, **Exhibit J**; and which said Notice states, as follows:

> "The entities listed above may have a legal interest in the following assets which the United States District Court for the Eastern District of New York has ordered to be forfeited to the United States:"

7. However, the Property is not one of the entities listed in the Notice.

**The Preliminary Order Does Not Forfeit any Right, Title, or Interest to the Property**

8. Although the Notice was served on the Petitioners together with a copy of the Preliminary Order (*See*, **Exhibit A**), said Order provides that it was entered: (a) as a result of Defendant Iskyo Aronov's ("Aronov") plea of guilty; (b) his consent to the entry of forfeiture money judgment in the amount of $24,554,243.00; and (c) upon his forfeiture of "all right, title and interest" in 32 properties, none of which refers to or includes the property at issue (318A Hart Street, Brooklyn, New York) in this Petition.

9. Also important is the fact that the ACRIS filings for real property transfers in New York City filed with regard to the Property establish that Defendant Aronov never owned the Property and never held any interest in the Property. Indeed, the only ACRIS filings made with regard to the Property that mentions Defendant Aronov in any way are: (a) a filing of a Memorandum of Contract, together with a copy of a contract for the sale of the Property dated August 28, 2013 (*See*, **Exhibit K**); and (b) a filing of a "Termination of Contract of Sale" dated November 5, 2014, terminating the contract of sale dated August 28, 2013, which was entered into by Own Gordon, the former owner of the Property, as Seller, and IJ Development LLC, by Iskyo Aronov, its Managing Member, as "Purchaser". *See*, **Exhibit L.**

10. Thus, the only ACRIS filings of record confirm that Defendant Aronov's only relationship to the Property was the execution of a contract of sale to purchase the Property, which was aborted on November 4, 2014, by the filing of a termination of that contract of sale in 2014.

11. Accordingly, although the Preliminary Order provides that Defendant Aronov consented to forfeit all of his "right, title and interest" that Defendant Aronov may have had in the Property, the documentary evidence before the Court confirms that Defendant Aronov had no right title and interest of any to the Property either before or on the date of the Preliminary Order.

12. It is therefore respectfully submitted that the Preliminary Order does not provide for a forfeiture of any rights, title, or interest in the Property by any person or entity having any rights, title, or interest in the Property.

**Other than the Preliminary Order, the Government has not Sought Forfeiture of the Property from any of the Other Defendants in this Proceeding**

13. Following Defendant Aronov's plea of guilty, Defendant Michael Herskowitz ("Herskowitz") pled guilty to certain charges and consented to a forfeiture money judgment in the sum of $125,000.00—and did not forfeit any rights, title, or interest to any real property. *See*, **Exhibit M**.

14. Defendant Michael Konstantinoviskiy pled guilty to certain charges and consented to a forfeiture money judgment in the sum of $1,100,000.00, and forfeited all rights, title, and interest in: (i) 637 Livonia Avenue, Brooklyn, New York; and (ii) 685 Glenmore Avenue, Brooklyn, New York. *See*, **Exhibit N**.

15. Defendant Tarshish was convicted on all counts of the indictment and is scheduled to be sentenced on August 13, 2025. Defendant Tomer Dafna ("Dafna") pled guilty to certain charges and is scheduled to be sentenced on September 11, 2025. Neither of those defendants have

consented to a forfeiture judgment and none of these defendants has consented to forfeiture of any real property.

16. Accordingly, the Government submitted to the Court a letter dated June 17, 2025 (*See*, **Exhibit O**), to set forth the Government's restitution calculation based on a list of properties that constitute the fraudulent "short sales" which is attached to the Government's letter as Exhibit A, that the Government is relying on to calculate the restitution amounts that the Government is seeking from these defendants.

17. Significantly, Exhibit A to the Government's letter of June 17, 2025, does not contain the Property.

**The Petitioners are *Bona Fide* Purchasers**

18. It is respectfully submitted that the Petitioners have established by this Petition, and can establish at a hearing on this matter that they are *bona fide* purchasers for value of the right, title, or interest in the property and were at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under 21 U.S.C 853(n)(6)(B). See also 21 U.S.C 853 (n)(6)(A). First, it is important to note that Defendant Herskowitz introduced the Property to Matt Gold ("Gold") and Shahab Berokhim ("Berokhim") in November 2014. At that time, Gold and Berokhim were business partners with the Petitioners' principal, David Israeli ("Israeli"), on various other real estate transactions. Defendant Herskowitz had represented Gold, Berokhim and Israeli on those other separate real estate transactions. Second, it is also important to note that the introduction of the Property to Petitioners via Defendant Herskowitz was made in November 2014—almost five (5) years before the sealed indictment in this case was filed with the Court on September 6, 2019 and more than eight (8) years before the Preliminary Order of Forfeiture was entered on February 10, 2023.

19. That initial introduction by Defendant Herskowitz in November 2024 resulted in the Petitioners' purchase of the Property. That purchase took place not only because Defendant Herskowitz introduced the Petitioners to the Property, , but also due to the fact that Mr. Herskowitz was also aware that the principals of the Petitioners had at that time a time-sensitive deadline to purchase another real property in order to complete a 1031 tax free exchange that would have allowed them to postpone the payment of capital gains taxes resulting from the sale of another property. At all times surrounding the purchase of the Property by the Petitioners, their principal, David Israeli, never met Defendants Tarshish or Dafna, or any defendant in this proceeding, other than Defendant Herskowitz.

20. As is evident from the purchase documents attached hereto, the Petitioners paid $910,000.00 for the Property, a purchase price which was above fair market value—but a purchase price that made economic sense because of the 1031 tax free savings and because the Petitioners saw a good opportunity to renovate the Property and to convert the Property to two first class residential units.

21. Following the purchase of the Property, the Petitioners removed squatters from the Property which had caused substantial damage to the Property and which were created a blight in the neighborhood. The Petitioners undertook to satisfy multiple tax liens and water liens that were placed on the Property (*See*, **Exhibit P**). In 2020, as the Pandemic engulfed New York real estate, the Petitioners used their own funds to continue to maintain the Property and then embarked on an expansion of the Property which included a gut renovation of the Property that involved the construction of a new basement, the enlargement of the Property by adding an additional floor, and a total rehab of the entire building.

22. The Petitioners engaged architects and engineers to prepare and file plans for this gut rehab (*See*, **Exhibit Q**); they obtained all necessary permits; and completed the project in 2022 at a cost in excess of $700,000.00. The breadth and meticulous design and execution of the project are best personified by photographs of the completed gut renovation (*See*, **Exhibit R**).

23. Upon completion of the project, while the Petitioners were in negotiations to sell the Property to a third party, they learned, for the first time, from a title report obtained by the prospective purchaser, that the Government had filed a Notice of Pendency giving notice of the Government's Preliminary Forfeiture Order.

24. Since that time, the Petitioners have been unable to sell the Property; have been unable to rent the Property since the Property was redesigned as an owner/occupancy of the highly desirable duplex garden apartment, with a second apartment designed for rental or for additional use by the owner.

25. As a result of the foregoing, the Petitioners have been required to maintain the Property through rain storms, flooding, and normal maintenance and upkeep of an unoccupied building; have been required to maintain security at the Property to avoid vandalism; have been required to pay real estate taxes on the Property; have been required to incur utility charges to avoid damage from the cold and/or heat; have been required to maintain insurance on the Property; and have been required to absorb the interest costs on the what is now a multi-million dollar investment—all at great personal cost—while, at the same time, they have been prevented from raising any revenue from either selling the Property, mortgaging the Property and/or renting the Property.

26. In November 2024, at the time of the purchase of the Property, the Petitioners' principal (David Israeli), had not met Defendant Dafna or Defendant Tarshish. Mr. Israeli's contact

on this transaction were Matt Gold and Shahab Berokhim, who as noted above, were his business partners who introduced him to Defendant Herskowitz, who, in turn, introduced Mr. Israeli to the Property. Thus, at the time of the purchase of the Property, Mr. Israeli was not aware of any of the defendants' business transactions and was not aware of Defendant Herskowitz's relationship with those defendants.

27. The purchase of the Property by the Petitioners in November 2024 was based on the fact that it seemed to be a simple transaction – the purchase of membership interests in a limited liability company that was being sold at a reasonable market value which had an enormous potential for renovation and expansion.

28. It is respectfully submitted that in November 2024, there is nothing in the Record before the Court that could indicate any reasonable knowledge by the Petitioners or their principals that the Property was subject to any forfeiture by the Government or that the purchase of the Property for fair market value would result in a forfeiture of their investment in the Property. Thus, it is respectfully submitted that the Petitioner's right to the Property are paramount and that the Property should not be the subject of any forfeiture.

**WHEREFORE,** It is respectfully submitted that the Petitioners have established their legal interest in the Property and respectfully submit their Petition be granted in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 11, 2025

*/s/ Margaret Farid*
Margaret Farid, Esq.
**ROY FARID LLP**
*Attorney for Petitioner(s)*
206 Jericho Turnpike, FL 2
Floral Park, NY 11001
mfarid@royfarid.com
(718) 971-1909

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, 19-CR-408

v.

**DECLARATION OF DAVID ISRAELI**

ISKYO ARONOV, MICHAEL KONSTANTINOVISKIY, TOMER DAFNA, AVRAHAM TARSHISH, and MICHAEL HERSKOWITZ,

Defendants.

---

**DAVID ISRAELI**, declares pursuant to 28 U.S.C. 1746, under penalty of perjury, that the following is true and correct:

I am the Managing Member of Westchester Associates, LLC, the sole member of 318A Hart LLC. I am familiar with the matters outlined in the foregoing Petition. As such, I submit this declaration in support of the Petitioners' Petition, Request for Ancillary Hearing, and Related Relief pursuant to 21 U.S.C. 853(n). I further declare that the foregoing Petition is true to the best of my knowledge and belief; and that the grounds of the declarant's belief as to all matters stated are based on information obtained from the Petitioners' books and records and based upon declarant's own knowledge.

Executed: August 11, 2025

David Israeli